ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Fidelity and Deposit Company of Maryland | ) ASBCA No. 63052 |
| | ) |
| Under Contract No. W912ER-11-D-0010-0006 | ) |

APPEARANCES FOR THE APPELLANT:    Robert C. Niesley, Esq.
Rebecca S. Glos, Esq.
  Watt, Tieder, Hoffar & Fitzgerald, L.L.P
  Irvine, CA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Rebecca L. Bockmann, Esq.
Michael E. Taccino, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Middle East
  Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
ON THE GOVERNMENT'S MOTION TO DISMISS

The government moves to dismiss the appeal for lack of jurisdiction, saying that appellant, Fidelity and Deposit Company of Maryland (F&D), has no standing to bring the appeal because F&D was not in privity with the government when F&D's claim accrued (*see* gov't mot. at 1).

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In 2013, the government contracted with ECC CENTCOM (ECC) for ECC to design and construct housing quarters for the United States Navy in Bahrain (R4, tab 5 at 1, 288). On December 29, 2015, the government unilaterally issued Modification No. 16 to the contract, to change the sewer system called for by the contract "from a gravity-flow sewer system to a lift station" (R4, tab 7 at 1-2). On April 19, 2016, the government terminated ECC's contract for default (R4, tab 17). On July 19, 2016, the government and F&D, as surety to ECC's contract, entered into an agreement for F&D to take over that contract (R4, tab 6 at 11). The takeover agreement provides:

> For purposes of completion of the Contract, except as may
> otherwise be provided in this Agreement, Surety is entitled to
> all rights, title, and interest of Principal in and to the Contract

in all respects as if Surety were the original party to the Contract. Further, except as to the extent provided in this Agreement, the Government shall have all rights, obligations, and responsibilities under the Contract with respect to the Surety, to the same extent and effect as if Surety had executed the Contract initially instead of the Principal, as if the Principal's rights pursuant to the Contract terms had not been terminated.

(R4, tab 6 ¶ 1)

On March 25, 2021, F&D presented to the contracting officer a certified claim for $177,621.82 "for the modification in the gravity-flow sewer system to a lift station," which F&D described as "a unilateral modification, *and, therefore*, a change in scope under [Federal Acquisition Regulation] 52.243-4, Changes" (R4, tab 2 at 1 (emphasis added)). Referring to the completion contractor (Vertex) as well as subcontractors hired by the completion contractor, F&D explained that:

> On December 29, 2015, [the government] issued a Contract Modification #16, Change C00J0, titled "Revise Gravity Feed to Sewage Lift Station" ("MOD #16"). MOD #16 provided for $245,595 in order to modify the lift station in the gravity-flow sewer system . . . . The $245,595 price for the Work under MOD #16 was unilaterally set by [the government], without prior input or bid estimate from Vertex or the original contractor, ECC. [The government] did not provide any information as to how it arrived at the MOD #16 amount. In order to comply with the requirements of MOD # 16, Vertex issued Change Order # 19 ("CO #19") in the amount of $240,294 to Kooheji Contractors, W.L.L. ("Kooheji") for construction of the lift station. Vertex then subcontracted with Al Doy Contracting & Excavations ("Al Doy") for all necessary sheet piling and dewatering work related to the lift station. . . . Al Doy's sheet piling rental and dewatering costs were higher by $16,059 than originally estimated in Al Doy's subcontract for these items. In response to the additional rental and dewatering costs, Vertex issued Change Order # 1 ("CO #I") to Al Doy for these additional costs. . . .
>
> . . . . The final cost to modify the lift station in the gravity-flow sewer system was $423,216.82. The unilaterally issued [Modification No. 16] priced the work at $245,595. Therefore, F&D spent an additional $177,621.82 to finish the

2

work under [Modification No. 16]. . . .  As a result of the Work on the lift station, F&D sustained cost impacts in the amount of $177,621.82 for which it seeks to recover in this Claim.

(*Id.* at 2)

DECISION

It is the responsibility of F&D, as appellant, to establish the Board's jurisdiction. *Hellenic Air Force*, ASBCA No. 60802, 17-1 BCA ¶ 36,821 at 179,457.  Standing to bring an appeal before the Board is founded upon privity of contract with the government.  *See Peerless Ins. Co.*, ASBCA No. 28887, 88-2 BCA ¶ 20,730 at 104,738. Moreover, the scope of the Board's jurisdiction is determined by the contents of the claims submitted to the contracting officer; thus the claim, and not the complaint, determines the scope of our jurisdiction.  *IBM Corp.*, ASBCA No. 60332, 18-1 BCA ¶ 37,002 at 180,190.

Even taking into account F&D's references in its March 25, 2021 submission to the contracting officer to the completion contractor and the completion contractor's subcontractors, in that submission, F&D presented only the claim that, because the government issued Modification No. 16 unilaterally, the government owed F&D the $177,621.82 difference between the cost of performing the Modification No. 16 work and the amount specified by Modification No. 16.  However, the government issued Modification No. 16 on December 29, 2015, and F&D did not contract with the government until July 18, 2016, when F&D, as surety, entered into the takeover agreement subsequent to the termination of ECC's contract.  Because F&D was not yet in privity with the government when Modification No. 16 was issued, F&D has no standing (absent some exception carved out for sureties) to assert the claim that Modification No. 16 was a contract change, and the Board does not possess jurisdiction to entertain that claim.  *See United Pac. Ins. Co.*, ASBCA No. 52419, 01-1 BCA ¶ 31,296 at 154,507. F&D points to the takeover agreement (resp. at 14-18), which provides:

> For purposes of completion of the Contract, except as may otherwise be provided in this Agreement, Surety is entitled to all rights, title, and interest of Principal in and to the Contract in all respects *as if Surety were the original party to the Contract*.  Further, except as to the extent provided in this Agreement, the Government shall have all rights, obligations, and responsibilities under the Contract with respect to the Surety, to the same extent and effect *as if Surety had executed the Contract initially instead of the Principal, as if the*

3

> *Principal's rights pursuant to the Contract terms had not been terminated.*

(R4, tab 6 ¶ 1 (emphasis added))  However, without participation of the original contractor, a takeover agreement cannot assign the original contractor's claims so as to provide to a surety, with respect to those claims, standing under the Contract Disputes Act.  *United Pac. Ins.*, 01-1 BCA ¶ 31,296 at 154,509.  ECC, the original contractor here, is not a party to the takeover agreement; thus, the takeover agreement cannot assign to F&D what would be ECC's claim that Modification No. 16 is a contract change.

For these reasons, the government's motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction.  We find it unnecessary to address the parties' other arguments.

## CONCLUSION

The government's motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction.

Dated:  May 24, 2022

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63052, Appeal of Fidelity and Deposit Company of Maryland, rendered in conformance with the Board's Charter.

Dated:  May 25, 2022

_for Tammye D. Abbott_

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals